IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
BRENDA BARDASIAN and MATT        )
BARDASIAN,                       )    2:11-cv-00137-GEB-GGH
                                 )
          Plaintiffs,            )
                                 )    ORDER REMANDING CASE
     v.                          )
                                 )
AMERICAN BROKERS CONDUIT; SANTA  )
CLARA PARTNER'S MORTGAGE         )
CORPORATION dba PARTNERS         )
MORTGAGE; SCOTT DAVID SUTCH;     )
AURORA LOAN SERVICES, LLC;       )
QUALITY LOAN SERVICE CORP.;      )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC.; MORTGAGE          )
ELECTRONIC REGISTRATION SYSTEMS, )
INC. as nominee for AMERICAN     )
BROKERS CONDUIT; BANK OF         )
AMERICA, N.A.; BAC HOME LOANS    )
SERVICING, LP; and DOES 1        )
through 50, inclusive,           )
                                 )
          Defendants.            )
_____)
```

On January 13, 2011, Defendants Bank of America, N.A. and BAC Home Loans Servicing, LP ("B of A Defendants") removed this case from the Superior Court of California in the County of Sacramento, under 28 U.S.C. § 1452(a). This section permits a party to remove "any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). § 1334 prescribes that a district court has

1 | original jurisdiction "of all civil proceedings" that are "related to"
2 | bankruptcy cases. 28 U.S.C. § 1334(b). The B of A Defendants state in
3 | their Notice of Removal that removal was proper under § 1452(a) because
4 | an entity named American Home Mortgage Corporation, which is presently
5 | involved in a Chapter 11 bankruptcy proceeding in the District of
6 | Delaware, previously did business as American Brokers Conduit ("ABC"),
7 | a named defendant in this case. The B of A Defendants state since
8 | American Home Mortgage Corporation is involved in that ongoing
9 | bankruptcy proceeding, the instant case against ABC was appropriately
10 | removed because it is "related to" American Home Mortgage Corporation's
11 | bankruptcy proceeding under § 1334(b). (Notice of Removal ¶¶ 7-9.)

12 | However, even when removal is proper under § 1452(a),
13 | § 1452(b) prescribes: "The court to which such claim or cause of action
14 | is removed may remand such claim or cause of action on any equitable
15 | ground." 28 U.S.C. § 1452(b). "Courts typically consider seven factors
16 | in determining whether to remand a . . . bankruptcy case on equitable
17 | grounds:"

> (1) The effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy estate; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

Fed. Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc., 2010 WL 5394742 at *11 (N.D. Cal. Dec. 20, 2010).

The B of A Defendants state this case and American Home Mortgage Corporation's bankruptcy proceeding are related because "any finding of liability or judgment against ABC in this action will necessarily impact American Home Mortgage Corporation's liabilities and

2

1 thus have an effect on the remaining assets of the bankruptcy estate."
2 (Notice of Removal ¶ 9.)  This conclusory statement does not provide
3 sufficient information on whether resolution of any of Plaintiffs'
4 claims may potentially impact a creditor's recovery in American Home
5 Mortgage Corporation's bankruptcy proceeding, or could otherwise
6 significantly hinder the efficient administration of that proceeding.
7 Therefore, the effect of this case on the administration of the
8 bankruptcy estate has not been shown to weigh against remand. Nor has it
9 been shown that the relatedness of this case and the bankruptcy
10 proceeding weigh against remand.

11          The B of A Defendants state Plaintiffs' complaint is comprised
12 of eleven state claims: "deceit, actual fraud, constructive fraud,
13 breach of fiduciary duty, aiding and abetting breach of fiduciary duty,
14 civil conspiracy to defraud, negligence, violation of the California
15 Business and Professions Code § 17200 et seq., declaratory judgment,
16 violation of California Civil Code § 2923.5, and quieting of title."
17 (Notice of Removal ¶ 3.) Since Plaintiffs' complaint is comprised solely
18 of state claims, and it has not been shown that this case will have any
19 effect on the bankruptcy proceeding, the state law predomination factor
20 weighs in favor of remand.

21          The comity factor "'focuses on the state's interest in
22 developing its law and applying its law'" to its residents. In re
23 Adelphia Commc'ns Corp., 285 B.R. 127, 146 (S.D.N.Y. Nov. 8, 2002)
24 (quoting Renaissance Cosmetics, Inc. v. Dev. Specialists Inc., 277 B.R.
25 5, 16 (S.D.N.Y. Jan. 14, 2002)). Plaintiffs allege they reside in
26 California, and that this case involves loan transactions concerning
27 real property located in California. Therefore, "[c]omity dictates that
28 California courts should have the right to adjudicate the exclusively

3

state law claims involving California-centric plaintiffs and California-centric transactions." <u>Parke v. Cardsystems Solutions, Inc.</u>, 2006 WL 2917604, at *5 (N.D. Cal. Oct. 11, 2006).

On balance, these factors weigh in favor of remand under § 1452(b). Therefore, this case is remanded to the Superior Court of California in the County of Sacramento.

Dated: January 21, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge